**FILED**
June 6, 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: ____SAJ_____
  Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**AU:23-CR-00098-ADII**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>v<br><br>TRACY MIKULENCAK<br>Defendant | **INDICTMENT**<br><br>[Cts. 1-4: 18 U.S.C. § 1344 – Bank Fraud;<br>Ct. 5: 18 U.S.C. § 657 – Embezzlement by Credit Union Employee]<br><br>Notice of Government's Demand of Forfeiture |

THE GRAND JURY CHARGES:

1. At all times material to this indictment within the Western District of Texas, A+ Federal Credit Union (A+ FCU) was a financial institution federally insured by the National Credit Union Administration (NCUA). A+ FCU services consumer and small business accounts at 22 branches in Central Texas. The A+ FCU location at 804 South IH-35, Georgetown, Texas, employed Tracy Mikulencak during the relevant time frame of this indictment.

### Scheme to Defraud

2. Beginning at least from February 2020 and continuing through December 2022, in the Western District of Texas, Mikulencak knowingly executed a scheme and artifice to defraud and obtain the moneys, funds, credits, assets, or other property owned by, or under the custody and control of, A+ FCU, by means of false and fraudulent pretenses, representations, and promises.

3. During the time frame of the scheme, Mikulencak was employed as an A+ FCU branch teller. She also served as the vault teller beginning in February 2020.

4. During the relevant period of the indictment, Mikulencak fraudulently withdrew funds from member's accounts without their consent or knowledge. Mikulencak unlawfully converted the funds for her personal use.

5. Mikulencak also fraudulently and unlawfully stole money from both a teller drawer and the A+ FCU vault.

## COUNT ONE
## Bank Fraud
## [18 U.S.C. § 1344]

6. Paragraphs 1 through 5 above are incorporated into this Count by reference as if fully set forth herein.

7. On or about March 27, 2020, in the Western District of Texas, Defendant,

**TRACY MIKULENCAK,**

for the purpose of executing the scheme and artifice to defraud A+ FCU, and to obtain moneys, funds, credits, assets, securities, or other property owned by or under the custody and control of A+ FCU, a financial institution insured by the NCUA, by means of false and fraudulent pretenses, representations, and promises, did knowingly enter a $500 and $9,000 teller exchange to increase the balance in the vault from $17,108.50 to $26,608.50. Mikulencak later voided the $9,000 teller exchange after a branch audit to hide her unlawful action. Mikulencak then knowingly and unlawfully kept the $9,000 for herself.

In violation of 18 U.S.C. § 1344.

## COUNT TWO
## Bank Fraud
## [18 U.S.C. § 1344]

8. Paragraphs 1 through 5 above are incorporated into this Count by reference as if fully set forth herein.

9. On or about July 14, 2022, in the Western District of Texas, Defendant,

**TRACY MIKULENCAK,**

for the purpose of executing the scheme and artifice to defraud A+ FCU, and to obtain moneys, funds, credits, assets, securities, or other property owned by or under the custody and control of A+ FCU, a financial institution insured by the NCUA, by means of false and fraudulent pretenses, representations, and promises, did knowingly make a cash withdrawal of $7500 from the A+ FCU account of K.B, a customer of A+ FCU, without the permission or consent of K.B. Mikulencak later deposited a fraudulent and counterfeit check for $7500 to hide the cash withdrawal from the bank statement for K.B. Mikulencak then knowingly and unlawfully kept the $7,500 for herself.

In violation of 18 U.S.C § 1344.

## COUNT THREE
### Bank Fraud
### [18 U.S.C. § 1344]

10. Paragraphs 1 through 5 above are incorporated into this Count by reference as if fully set forth herein.

11. On or about October 8, 2022, in the Western District of Texas, Defendant,

**TRACY MIKULENCAK,**

for the purpose of executing the scheme and artifice to defraud A+ FCU, and to obtain moneys, funds, credits, assets, securities, or other property owned by or under the custody and control of A+ FCU, a financial institution insured by the NCUA, by means of false and fraudulent pretenses, representations, and promises, did knowingly and fraudulently negotiate a counterfeit check for $150,000 drawn on the account of V.D., an A+ FCU customer and account holder. Mikulencak created a false statement hiding the withdrawal from V.D. and mailed the false statement to V.D. Mikulencak then knowingly and unlawfully kept the $150,000 for herself.

In violation of 18 U.S.C. § 1344.

## COUNT FOUR
## Bank Fraud
## [18 U.S.C. § 1344]

12. Paragraphs 1 through 5 above are incorporated into this Count by reference as if fully set forth herein.

13. On or about June 12, 2021, in the Western District of Texas, Defendant,

**TRACY MIKULENCAK,**

for the purpose of executing the scheme and artifice to defraud A+ FCU, and to obtain moneys, funds, credits, assets, securities, or other property owned by or under the custody and control of A+ FCU, a financial institution insured by the NCUA, by means of false and fraudulent pretenses, representations, and promises, did knowingly and fraudulently conduct a cash withdrawal of $4,500 from the account of P.T., an A+ FCU customer and account holder. Mikulencak knew at the time of the withdrawal that P.T. was deceased and his heirs had not given her permission to withdraw the funds from the account. Mikulencak then knowingly and unlawfully kept the $4,500 for herself.

In violation of 18 U.S.C. § 1344.

## COUNT FIVE
## Embezzlement by a Credit Union Employee
## [18 U.S.C. § 657]

14. Paragraphs 1 through 5 above are incorporated into this Count by reference as if fully set forth herein.

15. Beginning on or about February 18, 2020, and continuing through December 12, 2022, in the Western District of Texas, Defendant,

**TRACY MIKULENCAK,**

being an employee of A+ FCU, the accounts of which were then insured by the National Credit Union Administration, with intent to defraud and injure A+ FCU, did willfully and unlawfully embezzle, misapply and purloin, the sum of approximately $325,708, of the funds pledged or otherwise entrusted to the care of A+ FCU, in that the Defendant unlawfully and without permission of A+ FCU and its customers made cash withdrawals from the A+ FCU teller drawer, vault, and customer accounts.

In violation of 18 U.S.C. § 657.

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Bank Fraud and Embezzlement by a Credit Union Employee
### Violation and Forfeiture Statutes
[18 U.S.C. §§ 657 and 1344, subject to forfeiture pursuant to 18 U.S.C. § 982(a)(2)]

As a result of the criminal violations set forth above, the United States gives notice to the Defendant **Tracy Mikulencak** of its intent to seek the forfeiture of certain properties upon conviction pursuant to Fed. R. Crim. P. 32.2 and 18 U.S.C. § 982(a)(2), which states in pertinent part the following:

**18 U.S.C. § 982. Criminal Forfeiture**

\* \* \*

(a)(2) The Court, in imposing sentence on a person convicted of a violation of, or a conspiracy to violate—

(a) section . . . 1014 . . . of this title, affecting a financial institution . . .

shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation.

This Notice of Demand for Forfeiture includes but is not limited to the money judgment described below in Paragraph II.

## II.
## Money Judgment

**Money Judgment:** A sum of money equal to $302,668.00 that represents the value of the proceeds obtained directly or indirectly from the violations charged in the counts set forth above, for which defendant **Tracy Mikulencak** is liable.

### Substitute Assets

If any of the property described above as being subject to forfeiture for the violations set forth above, as a result of any act or omission of defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the Court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property, up to the value of the money judgment, as substitute assets, pursuant to 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL

**SIGNATURE REDACTED PURSUANT TO E-GOVERNMENT ACT OF 2002**

JAIME ESPARZA
UNITED STATES ATTORNEY

By: _/s/ Michelle E. Fernald_____
FOR: DANIEL D. GUESS
ASSISTANT UNITED STATES ATTORNEY